IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEPHANIE A. WALKER, | ) |
| Plaintiff, | ) |
| v. | ) 1:20CV738 |
| PETSENSE, LLC and TRACTOR SUPPLY COMPANY, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 39.) For the reasons stated herein, Plaintiff's motion will be granted subject to certain conditions.

Plaintiff initially filed this action pro se in state court, and it was removed to this Court on August 13, 2020. (ECF No. 1.) Plaintiff filed an Amended Complaint on the same day. (ECF No. 6.) Plaintiff alleged that Defendants' employees intentionally filed "false and malicious animal cruelty accusations against her" and her animal rescue organization. (*Id.* at 1.) Defendants moved to dismiss Plaintiff's Complaint on August 19, 2020, (ECF No. 9), which motion this Court granted in part and denied in part on March 31, 2021, (ECF No. 17). Discovery ensued with an initial end date of October 22, 2021. (ECF No. 25 at 2.)

Plaintiff first obtained counsel on October 6, 2021. (ECF No. 31.) Plaintiff then moved to extend all discovery deadlines on October 15, 2021. (ECF No. 32.) This Court granted in part

and denied in part Plaintiff's motion and extended discovery until December 17, 2021. (ECF No. 38 at 3.) The Court found that Plaintiff did not show "why she did not retain counsel earlier in the exercise of reasonable diligence during the past 5 months" but did show "diligence in pursuing discovery with respect to the discovery that she now contends was frustrated by Defendants' insufficient discovery responses," and an extension was therefore warranted "to address any deficiencies in Defendants' prior discovery responses and notice up to 4 depositions." (*Id.* at 2.) Before discovery closed, Plaintiff filed the present motion to dismiss without prejudice on December 3, 2021. (ECF No. 39.)

Rule 41(a) allows a plaintiff to dismiss an action without a court order either (i) before the defendant serves an answer or a motion for summary judgment, or (ii) with consent of all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is without prejudice. *Id.*

"The purpose of Rule 41(a)(2) is *freely to allow* voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (emphasis added). District courts have discretion to dismiss suits without prejudice; however, "a district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant.'" *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (quoting *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001)). "[D]ismissal without prejudice should not be denied absent *substantial prejudice* to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (emphasis added). The Fourth Circuit has identified factors for district courts to consider, "such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of

diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008) (internal quotations omitted). However, a court considering a Rule 41(a)(2) motion must focus "primarily" on the interests of the defendant. *Davis*, 819 F.2d at 1273.

Here, Defendants identify two sources of prejudice: litigation costs and delay. (ECF No. 42 at 21.) Neither, however, constitutes the sort of "substantial" prejudice necessary to justify denying a Rule 41(a)(2) motion, and both can be mitigated by this Order. First, Defendants' litigation costs are relatively minor, and include filing their motion to dismiss, opposing Plaintiff's motion to extend discovery, exchanging written discovery, deposing Plaintiff, and seeking records from state agencies involved in Plaintiff's allegations. (*See id.*) It appears much of this work would be necessary if Plaintiff refiles her suit, further reducing Defendants' prejudice. *See Bridge Oil*, 321 F. App'x at 246 (upholding dismissal without prejudice where defendant undertook "minimal" discovery, much of which "would have occurred" anyway). Second, though this Court agrees that Defendants have an interest in litigating this slander suit "while memories remain[] freshest and before pertinent records might be lost," (ECF No. 42 at 21–22), Defendants have had ample time to obtain documents and depose witnesses while memories are fresh. This Court can further reduce Defendants' prejudice by awarding Defendants costs and limited attorneys' fees and by limiting the time by which Plaintiff must refile her suit, as discussed below.

The remaining relevant factors also do not justify denying Plaintiff's motion. This Court determined that, although Plaintiff could have obtained counsel earlier, she has otherwise shown diligence. (*See* ECF No. 38 at 2.) She filed the present motion less than one month after obtaining counsel and two weeks before the close of discovery. Further, she seeks dismissal to change

3

litigation strategies and add additional defendants and claims. *See Davis*, 819 F.2d at 1275 ("[T]he possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit."). Because Plaintiff filed her motion two weeks before the close of discovery and before either party filed a motion for summary judgment, approximately sixteen months after this case was removed, this Court conclude that the stage in the litigation is not so late as to cause substantial prejudice. Finally, the fact that Plaintiff proceeded pro se for much of the present litigation weighs in favor of dismissing this case without prejudice and allowing her and her attorney to re-group.

Defendants argue that Plaintiff's motion should be denied as an attempt to "circumvent" this Court's ruling denying in part her request to extend discovery. (ECF No. 42 at 16–17.) It does not appear that Plaintiff merely seeks to extend discovery, however, but to restart her suit wholesale with the help of her attorney. (ECF No. 40 at 12–16.) Moreover, the standard under Rule 41(a)(2), which requires courts "freely to allow" such motions absent a showing of prejudice to defendants, is more favorable to plaintiffs than the standard to amend discovery, which allows modification "only for good cause." Fed. R. Civ. P. 16(b)(4). This is not a case, therefore, where a plaintiff seeks to use Rule 41(a)(2) merely to relitigate a decision by the trial judge to exclude or strike evidence, *see Francis v. Ingles*, 1 Fed. App'x 152, 154 (4th Cir. 2001); *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998), or make a timely jury demand, *Paturzo v. Home Life Ins. Co.*, 503 F.2d 333, 336 (4th Cir. 1974); *Shabazz v. Pya Monarch, LLC*, 271 F. Supp. 2d 797, 800–01 (E.D. Va. 2003). Rather, Plaintiff seeks to restart this suit with the aid of counsel.

4

Upon granting a motion to dismiss without prejudice, a court may "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis*, 819 F.2d at 1273. A plaintiff seeking voluntary dismissal should pay a portion of the Defendants' taxable costs "as a matter of course in most cases." *Id.* at 1276. An award of attorneys' fees, on the other hand, are warranted only where the work will not be useable in future litigation or "the plaintiff has acted in bad faith in seeking dismissal." *Id.* Here, the Court will order that Plaintiff pay Defendants' reasonable taxable costs and attorneys' fees accrued by Defendants in opposing this motion and Plaintiff's motion to extend discovery. This Court will not award attorneys' fees accrued as part of discovery, as it appears that the "discovery will be usable" in future litigation and Plaintiff has not acted in bad faith. *Id.* Finally, mindful of Defendants' concern that witnesses' recollection of key facts will fade over time, and North Carolina's decision to hold slander suits to a stricter statute of limitations, *see* N.C. Gen. Stat. § 1-54(3), the Court will require Plaintiff to refile its suit within six months of this Order. However, the Court will not require that Plaintiff refile her suit in this District as requested by Defendant.

For the reasons state herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Voluntary Dismissal Without Prejudice, (ECF No. 39), is **GRANTED** subject to the **conditions** that this suit be refiled no later than six months from the filing of this Order, and that Plaintiff pay the reasonable costs of this action and reasonable attorneys' fees accrued in defending against this motion and Plaintiff's motion to extend discovery, (ECF No. 32).

**IT IS FURTHER ORDERED** that Defendants shall submit an itemized bill of costs and attorneys' fees as ordered herein within fourteen (14) days of the entry of this Order.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

This, the 19th day of May 2022.

/s/ Loretta C. Biggs
United States District Judge