IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEPHANIE A. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV738 |
| | ) | |
| PETSENSE, LLC and TRACTOR SUPPLY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court are Plaintiff's Notice of Withdrawal of Motion for Voluntary Dismissal, (ECF No. 56), and Defendants' Motion for Attorneys' Fees, (ECF No. 57).

Plaintiff moved to dismiss her claims without prejudice on December 3, 2021. (ECF No. 39.) Defendants opposed the motion, arguing that they would be prejudiced by a dismissal. (ECF No. 42 at 20–22.) Alternatively, Defendants asked that "if the Court grants Plaintiff's motion, voluntary dismissal should be contingent on certain conditions," including an award of costs and attorneys' fees. (*Id.* at 22–23.) Plaintiff was afforded an opportunity to reply to this request but did not file a Reply.

While Plaintiff's motion for voluntary dismissal was pending before the Court, Defendant filed a Motion for Summary Judgment on February 1, 2022. (ECF No. 46.) Plaintiff, through counsel, responded on March 11, 2022, and the motion for summary judgment was fully briefed and submitted for dispensation to this Court. (ECF Nos. 50; 53.) Jury trial was set in this case for

July 5, 2022. (ECF No. 29.) At no time did Plaintiff inform Defendants or this Court that she no longer wished to pursue her motion for voluntary dismissal.

On May 19, 2022, this Court granted Plaintiff's motion for voluntary dismissal and dismissed the case without prejudice, with certain conditions. (ECF No. 55.) The Court awarded Defendants the taxable costs "as a matter of course." (*Id.* at 5 (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987)).) The Court also awarded limited attorneys' fees to Defendants for the litigation of Plaintiff's motion for voluntary dismissal and a previous motion to extend discovery, as that work would not be useable in future litigation. (*Id.*) Finally, the Court required that Plaintiff refile her suit within six months of the Order. (*Id.*)

Rather than move to amend or vacate the Court's Order, Plaintiff filed her current Notice on May 25, 2022. (ECF No. 56.) Plaintiff refuses to comply with the conditions imposed by the Order and seeks reinstatement of her case. (*Id.* ¶ 8.) She argues that she can unilaterally reject the Court's Order if she feels "the conditions imposed are too onerous," (*id.* ¶ 7), and "it is with the trial court that a plaintiff negotiates the terms of a voluntary dismissal," (ECF No. 59 at 2).

Plaintiff's "Notice" is procedurally improper. Plaintiff had an obligation to timely notify Defendants and this Court when she decided to abandon her motion for voluntary dismissal prior to this Court's dispensation of the motion. Defendants expressly requested attorneys' fees in their opposition to Plaintiff's motion, and Plaintiff had every opportunity to reply to this request but failed to do so. Now that the Court has ruled, Plaintiff cannot unilaterally withdraw a motion that has been acted upon by the Court. The absurd notion that the Court is obligated to "negotiate" the terms of dismissal with Plaintiff is not supported in law. Plaintiff insists her purported "Notice" is not a motion to vacate or modify the Court's Order, (ECF No. 59 at 1), and the Court

does not construe it as such. Rather, the Court interprets Plaintiff's Notice of Withdrawal instead as a notice of Plaintiff's refusal to comply with the Court's Order. The issue for the Court, therefore, is to determine the proper consequence of Plaintiff's refusal.

Rule 41 of the Federal Rules of Civil Procedure allows an action to be dismissed without prejudice "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Upon granting a motion to dismiss without prejudice, a court may "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis*, 819 F.2d at 1273. If the plaintiff refuses to comply with properly imposed conditions, a court may deny the motion for voluntary dismissal, *see id.* at 1276, or in "extreme cases," convert the dismissal to one with prejudice, *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471–72 (4th Cir. 1993). However, failure to comply with conditions only converts a dismissal to one with prejudice if "the district court specifies explicitly and clearly that the consequence of failure to meet its conditions is prejudicial dismissal." *Id.* at 471.

This Court does not interpret Rule 41, or for that matter any precedent, to allow a plaintiff to unilaterally refuse to comply with any order of the court, including a dismissal order, without other consequences, however. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes the "inherent power to assess attorney's fees" in "narrowly defined circumstances," including "for the 'willful disobedience of a court order'" or "when a party 'shows bad faith by delaying or disrupting the litigation.'" *Id.* at 44–46 (quoting

3

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975); *Hutto v. Finne*, 437 U.S. 678, 689 n.14 (1978)).

Plaintiff cites *Lau v. Glendora Unified School District*, 792 F.2d 929 (9th Cir. 1986), to argue that Rule 41 gives her the right to unilaterally vacate a voluntary dismissal order merely by refusing to comply. (ECF Nos. 56 ¶¶ 7–8; 59 at 2.) In *Lau*, the Ninth Circuit held that voluntary dismissal "is contingent *both* 'upon order of the court' *and* 'upon such terms and conditions as the court deems proper.'" *Lau*, 792 F.2d at 930 (quoting Fed. R. Civ. P. 41(a)(2)). Thus, "the voluntary dismissal cannot take effect until a court order has been entered and the terms and conditions imposed by the court are complied with." *Id.* Consequently, the Ninth Circuit requires district courts to afford plaintiffs "the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." *Id.* at 930–31 (quoting *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367–68 (D.C. Cir. 1981)).

Plaintiff's argument is unpersuasive here. The Fourth Circuit does not require district courts afford plaintiffs that choice, and this Court did not include any such language in its May 19, 2022, Order. If Plaintiff believes she is entitled to such a choice, her proper course would be to move the Court to vacate or amend its prior Order and offer such a choice. Such was the outcome in *Lau*. Rather than reinstate the case, the Ninth Circuit vacated the district court's order and remanded the case "with the instruction that the district court issue a new ruling on [plaintiff's] motion for a voluntary dismissal and provide Lau a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions." *Lau*, 792 F.2d at 931.

Since this Court did not explicitly and clearly specify in its May 19, 2022, Order that failure to comply would result in dismissal with prejudice, the Court will not dismiss the case with prejudice. In accordance with Fourth Circuit precedent, the Court will vacate its prior Order and reinstate the case.

However, Plaintiff's conduct in this litigation, and the prejudice caused as a result of such conduct, supports an award of attorneys' fees. Plaintiff's abandonment of her motion, failure to timely move for withdrawal of the motion or otherwise timely inform the Court or Defendants of the abandonment of the motion, and the filing of an improper "Notice" not only inconvenienced the Court and wasted its time, but also prejudiced Defendants by causing unnecessary delay and confusion in the status of this case. It further caused Defendants to waste resources in litigating a motion for voluntary dismissal that Plaintiff subsequently abandoned and, most recently, in responding to Plaintiff's purported Notice. While Defendants' motion for attorneys' fees, which was filed in accordance with the May 19, 2022, Order, is now moot, the Court has reviewed the attachments to the motion to calculate the reasonable cost to Defendants of litigating Plaintiff's abandoned motion for voluntary dismissal. (*See* ECF Nos. 57-1; 57-2; 57-3.) The Court finds that an award of $10,288.50 is reasonable to compensate Defendants for the prejudice they have suffered as a result of Plaintiff's highly questionable and dilatory actions. Mindful of Plaintiff's representation that she may be unable to pay such amount, the award will be held in abeyance pending resolution of this lawsuit.

Finally, the Court has determined that since neither party demanded a jury trial in this matter, the Court, in its discretion, will conduct a bench trial to allow this case to be heard during

5

the July Civil Master. Where a jury trial is not properly demanded, the case is to be tried by the court. Fed. R. Civ. P. 39(b).

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that this Court's Order on May 19, 2022, (ECF No. 55), is **VACATED**. The Clerk shall reinstate the case.

**IT IS FURTHER ORDERED** that Plaintiff shall pay to Defendants the sum of $10,288.50 in attorneys' fees; however, this obligation shall be held in abeyance to a date to be determined by the Court following final dispensation of Plaintiff's claims.

**IT IS FURTHER ORDERED** that Defendants' motion for attorneys' fees, (ECF No. 57), is **DENIED** as **MOOT.**

A separate Amended Notice of Hearing will be filed by the Court simultaneously with this Order.

This, the 6th day of June 2022.

/s/ Loretta C. Biggs
United States District Judge